ELBRIDGE G. HINDS *versus* DANIEL S. JONES, *Executor.*

An action does not lie against the husband, as an executor *de son tort*, for acts of his wife, done without his knowledge. Otherwise, where he advises or aids her in the commission of the wrongful acts ; for every one, thus participating, becomes a principal.

REPORTED by KENT, J.

The plaintiff claims that Joseph Additon, at the time of his decease, was indebted to him, 'and brings this action against the defendant, as executor *de son tort*, of the estate of said Additon, to recover the amount of the alleged indebtedness.

The plaintiff offered to prove his account as declared on, and also, that Mary A. Jones, daughter of the deceased and wife of defendant, embezzled goods and effects of said deceased, liable to administration, without taking out letters testamentary thereon and giving bonds accordingly, and performed other acts, sufficient to render any person (other than a married woman) liable to an action of the creditors, or other persons interested, as an executor, (*de son tort*,) according to R. S., c. 64, § 32, &c., and that all these acts were done by her after the decease of said Additon and while she was the wife of the defendant.

Plaintiff further offered to prove, provided the action could not be maintained on the foregoing evidence offered, that of all said acts of his wife, defendant had knowledge at the time, and counselled, advised, consented thereto, directed her in the same, and assisted therein, as her husband.

Thereupon the parties consent that the action be reported to the full Court, and, if the Court shall be of opinion that the action can be maintained against the defendant on the foregoing proof first offered, or, if it can be maintained on the whole proof offered, the case shall stand for trial ; otherwise the plaintiff to become nonsuit.

*Goddard & Goodenow,* for the plaintiff.

*Williams,* for the defendant.

The opinion of the Court was drawn up by

MAY, J. — The defendant is sued as an executor *de son tort.* The acts relied upon to charge him as such, are the acts of his wife. They were committed during the coverture, and are conceded to have been such as ordinarily would render the person committing them liable as an executor in his own wrong. Two questions are presented to our consideration. 1. Is the defendant liable in this suit by reason of the acts of his wife, committed without his consent or knowledge? 2. If not so liable, is he liable if he had knowledge of the acts when committed, " and counselled, advised, consented to, and directed her in the same, assisting therein as her husband ?"

An executor *de son tort* is one who derives no authority from the testator, but who assumes the office by virtue of his own interference with the estate of one deceased. He intrudes himself into the office without lawful authority. Toller on Executors, 37; 1 Bouvier's Law Dic., 389, under the words " Executor *de son tort,* and authorities there cited. Our Revised Statutes, c. 64, § 32, are in affirmance of the common law in this particular. Such intermeddling, or intrusion, is in effect holding out one's self as executor, and authorizes the conclusion that he hath a will of the deceased wherein he is named as executor, but hath not yet taken the probate thereof. 12 Mod., 471. Such conclusion is to be inferred from the character of the acts. 2 Greenl. Ev., § 343.

The unauthorized acts of the wife, committed in the absence of her husband and without his knowledge, do not seem to lay the foundation for any such conclusion, as against him. They authorize no such presumption. Such acts cannot be deemed his acts, within the meaning of our statute, nor of the common law. Any legal liability for damages, occasioned thereby, arising wholly from the marital relation, if any such liability exist, does not make them his acts. He cannot, therefore, be charged as an executor *de son tort* on account of them. It would be manifestly unjust, especially since our statute depriving the husband of all interest in her estate, to

hold him liable as an executor in his own wrong, for the acts of his wife in relation to all such property of persons deceased, as she might choose to interfere with, or claim as her own, by reason of heirship or otherwise, without his knowledge or consent.

Whether a married woman can, in any case, be charged as an executor *de son tort*, need not now be determined. That a *feme covert* is not capable, at common law, of the office of executrix, without the consent and concurrence of her husband, is very clear. 2 Black. Com., 503; 2 Bacon's Abr., Tit. Executors and Administrators, 374. So, too, under our Revised Statutes, c. 64, § 17, if a *feme sole*, being an executrix or administratrix, marries, she thereby vacates the trust as fully as if dead. But if the wife, during coverture, is incapable of being an executrix, it by no means follows that her husband may be charged as an executor *de son tort* by her unauthorized acts.

In regard to the second question, there can be no doubt but the husband is to be regarded as having himself done all such acts as were committed by the wife, with his assistance, direction or advice. In the commission of such tortious acts all who participate are principals. This is the well settled law in cases of trespass. Nor is it necessary, in order to make one a principal, that he have a manual participation in the act. He may not even be present. It is sufficient if he aid, advise or direct. The acts of the wife, therefore, when committed under such circumstances, are the acts of the husband, and will render him liable as executor *de son tort* in the same manner as if committed by himself.

*Action to stand for trial.*

TENNEY, C. J., APPLETON, CUTTING, GOODENOW and DAVIS, JJ., concurred.